UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

COREY A. D'ANDREA,

                                        Plaintiff,                          DECISION AND ORDER

                                                                            22-CV-6143L

                    v.

MONROE COUNTY, et al.,

                                        Defendants.
_____

        Plaintiff Corey A. D'Andrea, appearing through counsel, commenced this action in New York

Supreme Court, Monroe County, by filing a summons with notice on September 23, 2021.  Plaintiff filed

the complaint on February 23, 2022, asserting claims against Monroe County ("County"), "Monroe

County Office of Sheriff," Todd Baxter, and two unnamed "Doe" defendants.  The named defendants

("County defendants") removed the case to this Court on March 24, 2022, based on federal question

jurisdiction.

        On March 31, 2022, the County defendants filed a motion to dismiss the complaint pursuant to

Rule 12 of the Federal Rules of Civil Procedure.  Pursuant to the Court's scheduling order entered April

4, 2022 (Dkt. #4), plaintiff's response was due by May 4, but he has not responded to the motion.


                                        **DISCUSSION**

**I. Plaintiff's Failure to Respond to the Motion to Dismiss**

        Plaintiff's failure to oppose the motion to dismiss, though perhaps telling, is not by itself fatal to

his case.  "If a complaint is sufficient to state a claim on which relief can be granted, the plaintiff's

failure to respond to a Rule 12(b)(6) motion does not warrant dismissal."  *McCall v. Pataki*, 232 F.3d

321, 322 (2d Cir.2000).  *See*, *e.g.*, *Parry v. VA Med. Ctr.*, 408 F.Supp.3d 281, 283 (W.D.N.Y. 2019).

Thus, "accept[ing] the allegations contained in the complaint as true, and draw[ing] all reasonable

inferences in favor of the non-movant," as it must in deciding a Rule 12(b)(6) motion, the Court

addresses defendants' motion to dismiss on the merits.  *See Sheppard v. Beerman*, 18 F.3d 147, 150 (2d

Cir. 1994).

**II. Allegations of the Complaint**

The complaint alleges the following facts, which for purposes of the present motion are accepted

as true.

On March 17, 2020, plaintiff was scheduled for release from confinement pursuant to a

previously-entered plea agreement relating to a charge of attempted robbery.  Plaintiff does not state

where he was confined, but he apparently was in state custody.  Complaint ¶ 10.

Plaintiff alleges that  Monroe County Court Judge Douglas A. Randall signed a "hold" order

(also described as a "securing order") on March 9, 2020.  *Id.* ¶¶ 10, 12.  Monroe County Sheriff Todd

Baxter "erroneously relied on" the order to arrest plaintiff on March 17.  *Id.* ¶¶ 10, 20.  Plaintiff alleges

that his "expiring imprisonment [was] converted into a mental health hold ...," and that he was placed in

the Monroe County Jail by two unnamed deputies.  *Id.* ¶¶ 12, 21, 22.  Plaintiff does not allege if or when

he was released from custody.

Those are essentially all the facts alleged in the complaint.  Based on those allegations, plaintiff

asserts five causes of action:  (1) unlawful imprisonment under 42 U.S.C. § 1983; (2) false imprisonment

under New York law and § 1983; (3) false arrest under New York law; (4) false arrest under § 1983; and

(5) false arrest against the Monroe County Sheriff's Office.  The latter claim apparently differs from the

other false claims in that it asserts municipal liability against the County, based on the allegation that

defendants' wrongful acts were taken pursuant to County customs and policies.

### III. Defendants' Motion

Defendants raise a number of arguments in support of their motion to dismiss, which are addressed *seriatim*.

First, defendants assert that the claims against the Monroe County Sheriff's Office must be dismissed because the Sheriff's Office is not an entity that can be sued. That is correct. To the extent that Sheriff Baxter is sued in his official capacity, the claims against him must be dismissed for the same reasons. *See Crespo v. County of Monroe*, No. 10-CV-6590, 2015 WL 2406112, at *3 (W.D.N.Y. May 20, 2015) (dismissing plaintiffs' claims against the Sheriff's Department and the sheriff on the ground that such claims were effectively claims against the County itself, and as such, were subsumed within plaintiffs' claims against the County").

Defendants next contend that the Court lacks personal jurisdiction over Baxter and the "Doe" defendants because they have not been properly served with process. In support of the motion, defendants have submitted copies of the summons with notice and affidavits of service filed by plaintiff, which state that the defendants in this action are "Monroe County" and "Monroe County Office of Sheriff," and that service was effected upon those two defendants only, by service on an attorney at the "Monroe County Government Office" building and an employee (not a defendant) at the Sheriff's Office. *See* Exhibits attached to Notice of Removal (Dkt. #1) and Motion to Dismiss (Dkt. #3).

Thus, neither Baxter nor the Doe defendants were named in the summons with notice, nor were they served. The claims against them are therefore subject to dismissal for lack of personal jurisdiction, pursuant to Rules 12(b)(2), (4) and (5). *See Welch v. Hertz Car Rental Agency*, No. 18-CV-717, 2019 WL 1243681, at *3-*4 (W.D.N.Y. Mar. 18, 2019) (dismissing claims where plaintiff "failed to come forward with any evidence to rebut Defendants' showing that he failed to properly serve them under New York law").

Next, I agree with defendants that plaintiff's state law claims for unlawful imprisonment, false imprisonment, and false arrest are duplicative of each other and should be treated as a single claim. *See Posr v. Doherty*, 944 F.2d 91, 96 (2d Cir. 1991) (noting that under New York law, false arrest and false imprisonment are "synonymous"); *Dash v. Montas*, __ F.Supp.3d __, 2020 WL 1550708, at *6 (E.D.N.Y. 2020) (claim for unlawful imprisonment is "in effect, a claim for false imprisonment") (internal quote omitted).  Whether viewed as one claim or three, however, these claims must be dismissed.

First, plaintiff has failed allege compliance with the mandatory claims procedure of §§ 50-e and 50-i of New York's General Municipal Law. Those statutes generally provide that no claim can be asserted against a county or other municipality unless the plaintiff has filed a notice of claim with the municipal defendant within ninety days after the claim arose.  "The burden is on the plaintiff to demonstrate compliance with the Notice of Claim requirement." *Wheeler v. City of Middletown*, No. 16 CV 8857, 2021 WL 2206490, at *9 (S.D.N.Y. June 1, 2021) (internal quote omitted).  *See, e.g.*, *Mulvihill v. Ontario County*, No. , 2014 WL 12902275, at *10 (W.D.N.Y. Feb. 13, 2014) ("Plaintiff does not allege that she has filed a notice of claim against the County.  Her state law claims against the County are therefore dismissed"), *defendants' motion for reconsideration granted on other grounds in part*, 2014 WL 1843463 (W.D.N.Y. May 8, 2014).

The complaint here alleges only that "[a]ll conditions precedent to this suit have been met, with Defendants failing to avail of [sic] their CPLR Section 50(h) hearing rights or adjust concomitantly to resolve this matter."  Complaint ¶ 5.  That is not sufficient.  "A plaintiff bringing a tort claim against a municipality or its agent must plead 'that (1) the plaintiff has served the notice of claim; [and] (2) at least thirty days have elapsed since the notice was filed (and before the complaint was filed) ... .'" *Ransom v. Banks*, No. 20-cv-232, 2022 WL 769344, at *7 (S.D.N.Y. Mar. 14, 2022) (quoting *Hardy v. N.Y.C. Health & Hosp. Corp.*, 164 F.3d 789, 793 (2d Cir. 1999)).  Since plaintiff has not pleaded such here, the state law claims must be dismissed.

-4-

The Court also agrees with defendants that plaintiff has not alleged a basis for liability on the part of the County.  "Under Article XIII of the New York State Constitution, a county cannot be made liable for the acts of its sheriff or its deputies." *Cain v. County of Niagara*, No. 20-CV-1710, 2022 WL 616795, at *16 (W.D.N.Y. Mar. 2, 2022) (citations omitted).  Although a county may by local law assume responsibility for the tortious acts of its deputy sheriffs, *see Barr v. County of Albany*, 50 N.Y.2d 247, 257 (1980), the burden is on the plaintiff to allege and establish that the county has adopted such a law, *see DiJoseph v. Erie County*, No. 18-CV-919, 2020 WL 4194136, at *8 (W.D.N.Y. July 21, 2020), and plaintiff has not done so here.  Indeed, this Court has previously recognized that "Monroe County has not assumed liability for the acts of the Sheriff or his deputies by local law, and therefore the County cannot be held liable to the extent [that a] Plaintiff is alleging a state law claim based upon a *respondeat superior* theory." *Barnes v. County of Monroe*, 85 F.Supp.3d 696, 718 (W.D.N.Y. 2015).

Although plaintiff alleges that he was "imprisoned pursuant to the flawed judicial order of Hon. Judge Randall, a Monroe County paid employee," Complaint ¶ 38, that also does not provide a basis for County liability.  A county court "is not an arm of the County, but part of New York State's Unified Court System.  No decision of any judge, even a judge of what is called the County Court, can be charged to the County." *McLaurin v. New Rochelle Police Officers*, 368 F.Supp.2d 289, 294 (S.D.N.Y. 2005).

The facts alleged here also do not state a claim under § 1983 or New York law for false arrest. *See Gonzalez v. City of Rochester*, No. 16-CV-6652, 2020 WL 5032026, at *6 (W.D.N.Y. Aug. 26, 2020) ("a claim for false arrest or unlawful imprisonment brought under § 1983 is substantially the same as a claim for false arrest under state law") (citing *Jocks v. Tavernier*, 316 F.3d 128, 134 (2d Cir. 2003), and *Boyd v. City of New York*, 336 F.3d 72, 75 (2d Cir. 2003)).

Plaintiff expressly alleges that he was arrested pursuant to a court order.  Although he alleges that this was done "erroneously," there is no allegation that the deputies were acting other than in compliance with the order.  Plaintiff appears to allege that the order itself was unlawfully issued

(although he does not explain why), *see* Complaint ¶ 21 (stating that "Plaintiff was ordered to be placed in the Monroe County Jail by Hon. Judge A. Randall ... without legal authority, statutory or constitutional basis ..."), but the fact remains that according to the complaint, plaintiff was taken into, or continued in, custody pursuant to the "hold order" issued by the County Court, and there are no allegations that the order was obviously invalid on its face.  That defeats any claim of false arrest or unlawful imprisonment. *See Franza v. Town of Greenburgh*, 154 A.D.2d 436, 436-37 (2d Dep't 1989) ("Neither a police officer nor his employer may be held liable in an action to recover damages for false imprisonment for carrying out a facially valid judicial mandate, even though erroneously or improvidently issued, where the court, as here, had jurisdiction over the person and the crimes charged"); *see, e.g.*, *Hurley v. Town of Southampton*, No. CV 17-5543, 2021 WL 966295, at *6 (E.D.N.Y. Feb. 10, 2021) (arrest pursuant to bench warrant defeated claim for false arrest); *June v. Blair*, No. 09-CV-323, 2010 WL 8522831, at *13 (N.D.N.Y. Sept. 30, 2010) (recommending dismissal of § 1983 false-imprisonment claim where plaintiff was confined pursuant to state court orders of commitment), *R&R adopted in part, rejected on other grounds in part*, 2012 WL 1048463 (N.D.N.Y. Mar. 28, 2012).

Finally, there is no basis here for so-called *Monell* liability, *i.e.*, municipal liability for tortious acts taken pursuant to governmental policy or custom.  As recently stated by this Court:

> In the context of evaluating the sufficiency of a complaint, a plaintiff cannot merely allege the existence of a municipal policy or custom, but must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists.  Mere allegations of a municipal custom or practice of tolerating official misconduct are insufficient to demonstrate the existence of such a custom unless supported by factual details.  Likewise, a claim that a municipality failed to train or supervise an alleged tortfeasor requires some factual details to survive a motion to dismiss.

*Santiago v. City of Rochester*, 481 F.Supp.3d 152, 160 (W.D.N.Y. 2020) (Geraci, C.J.) (internal quotes and alteration omitted).

The complaint here is devoid of such allegations.  Plaintiff simply alleges in conclusory fashion that "[t]he civil rights deprivations alleged to have been committed by the individual Defendants ...

occurred as a direct and proximate result of the customs, usages, widespread practices, and unofficial policies of Defendant Monroe County Sheriff's Office" Complaint ¶ 61. Not a single *fact* is alleged identifying any such customs or practices, or explaining how they led to the alleged deprivations of plaintiff's rights.

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss the complaint (Dkt. #3) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
        May 12, 2022.

-7-